FELIX F. VON WILMOWSKY, Appellant, *v.* EDWIN J. PRINDLE and Another, Respondents, Impleaded with OLGA PIEPER and Another, Defendants.

First Department, April 5, 1929.

*F. F. Von Wilmowsky*, for the appellant.

*Wilson B. Brice* of counsel [*Merrill, Rogers, Gifford & Woody*, attorneys], for the respondents.

MARTIN, J. The plaintiff on May 9, 1928, delivered to the sheriff of New York county summonses in an action in which Edwin J. Prindle, John D. Fearhake and others were defendants. The defendant Edwin J. Prindle was served with the summons on May 10, 1928, and the defendant John D. Fearhake on May 11, 1928. The plaintiff also delivered summonses to one Charles Sattler for service on the same defendants. On May 9, 1928, Sattler delivered two copies of summonses to Edwin J. Prindle, one entitled in an action against Prindle individually, and the other in an action against him as executor. Thereafter, although defendant Fearhake had been served in one action only, notices of appearance were served by John D. Fearhake and Edwin J. Prindle in both actions. The notice of appearance was also on behalf of Edwin J. Prindle as executor.

On May 31, 1928, a stipulation entitled as against all four defendants, and in addition Prindle as executor, was signed extending plaintiff's time to serve his complaint until July 5, 1928. On that day a complaint so entitled was served.

On July 20, 1928, defendants moved for a dismissal of the complaint so served, supported by an affidavit of Fearhake averring that the action was barred on May 10, 1928, under the six-year Statute of Limitations, and that Fearhake was not served until May 11, 1928. By this motion Fearhake, a member of the firm of attorneys which appear for the defendants, ignored the fact that the summons entitled in the action in which the motion was made had never been served on him, and treated the action as though he had been served with the summons therein. The summons was served on Prindle on May 9, 1928, one day before the statute had run.

Assuming, as Fearhake contended on the motion, that the summons in that action was served on him on May eleventh, it

was good service as against Fearhake. The summons served on him had been delivered to the sheriff on May 9, 1928, and section 17 of the Civil Practice Act provides that delivery of a summons to the sheriff for service is equivalent to the commencement of an action against each defendant within the meaning of each provision of the Civil Practice Act which limits the time for commencing an action, if such delivery be followed by actual service of the summons within sixty days. The motion to dismiss was, therefore, properly denied.

On July 31, 1928, notice of the present motion was given, entitled only against the defendants individually, for a dismissal of the complaint on the ground that it had not been served in time. The supporting affidavit states that the complaint has not been served. That, of course, means that a complaint entitled against the defendants as individuals only has not been served.

The plaintiff realized that service of the two summonses on Prindle was, as he stated, "unsound," and simultaneously with defendants' motion to dismiss a complaint which they claim has never been served, plaintiff moved to open his default in the service of the complaint against the defendants individually, that the two actions be consolidated, and that the complaint in which Prindle is named individually and as executor be regarded as the complaint in the consolidated action.

It is apparent that after the plaintiff decided to bring his action against defendants Prindle and Fearhake individually, he reached the conclusion that he should have also sued defendant Prindle as executor. He then served a summons on all the parties for the purpose of bringing in Prindle as executor. In the confusion incident to the service of the summonses plaintiff overlooked the fact that it was necessary to serve a complaint in both actions. Under the circumstances disclosed, plaintiff was entitled to have his default opened and his motion to consolidate granted. Such a course will protect all the parties, will expedite matters and result in a practical solution of the whole controversy.

The order dismissing the complaint should be reversed, the plaintiff's default opened and the actions consolidated. The complaint heretofore served to remain as the complaint in the action with leave to the plaintiff, within ten days from the entry and service of an order herein, to amend the complaint if so advised, and without costs to either party.

(1) The order granting the motion to dismiss the complaint should be reversed and the motion denied; and (2) the appeal from the order denying motion for resettlement should be dismissed. (3) The order denying motion to open default and consolidate

actions should be reversed and the motion granted; and (4) the appeal from the order denying resettlement of the last order should be dismissed.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order granting motion to dismiss complaint reversed, without costs, and motion denied. Appeal from order denying resettlement dismissed.

Order denying motion to open default and consolidate actions reversed, without costs, and motion granted. Appeal from order denying resettlement dismissed.